UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>              Plaintiff,<br><br>  v.<br><br>EBAY, INC.,<br><br>              Defendant. | Case No.: 5:12-CV-05874-EJD<br><br>**ORDER GRANTING EBAY'S MOTION TO DISMISS CALIFORNIA'S COMPLAINT**<br><br>**[Re: Docket No. 9]** |

Presently before the court in these related antitrust actions is Defendant eBay Inc.'s ("eBay") Motion to Dismiss Plaintiff the People of the State of California's ("California") Complaint. No. 12-CV-05874 Dkt. No. 9.  eBay has also moved to dismiss Plaintiff the United States of America's ("United States") (collectively with California, "Plaintiffs") Complaint in related action No. 12-CV-05869.  The court held a hearing on these matters on April 26, 2013. Having reviewed the parties' briefing and heard the parties' arguments, and for the following reasons, the court GRANTS eBay's Motion as to California's Complaint.

**I.     BACKGROUND**

The following background is taken from the court's Order Denying eBay's Motion to Dismiss in related case No. 12-CV-05869.

1

**a. Factual Background**

This case concerns an alleged handshake agreement struck and occasionally refined by eBay executives, including then-CEO Meg Whitman, and Scott Cook, the founder and Chairman of the Executive Committee of Intuit, Inc. ("Intuit"), which restricted eBay and Intuit's ability to recruit or hire candidates from one another. The two complaints' factual allegations largely mirror each other. Accordingly, the following factual background is taken solely from the United States' Complaint and is assumed to be true for purposes of these Motions. See No. 12-CV-05869, Dkt. No. 1.

In November 2005, eBay's then-COO Maynard Webb wrote to Mr. Cook about a potential hire from Intuit who had contacted eBay regarding a job. Id. at ¶¶ 12, 15. Mr. Webb proposed a going-forward policy under which eBay would not actively recruit from Intuit, would give Intuit notice before making offers to senior-level Intuit employees who had initially contacted eBay, and would inform Intuit after lower-level employees had accepted offers from eBay. Id. Mr. Cook objected to the proposal to the extent it allowed any hiring of Intuit employees without prior notice to Intuit, explaining that "we don't recruit from board companies, period" and "[w]e're passionate on this." Id. at ¶ 15. Mr. Cook committed that Intuit would refrain from making an offer to any eBay employee without prior notice to eBay and stated that "[w]e would ask the same." Id.

According to Plaintiffs, eBay and Intuit reached and implemented an initial no-solicitation agreement by August 2006. Id. at ¶ 17. At that time, eBay was considering hiring an Intuit employee to its Paypal subsidiary. When approached about this hire, Beth Axelrod, eBay's Senior Vice President for Human Resources at the time, stated that while she was "happy to have a word with Meg [Whitman] about it," she was "quite confident [Ms. Whitman] will say hands off because Scott [Cook] insists on a no poach policy with Intuit." Id. Ms. Axelrod went on to confirm with Ms. Whitman that eBay in fact could not proceed with the hire without first notifying Mr. Cook. Id. eBay discontinued recruitment of that candidate, apparently because "everyone agreed 'that it's to[o] awkward to call Scott [Cook] when [they] don't even know if the candidate has interest." Id.

The parties continued to have discussions regarding recruiting and hiring in the ensuing months. In April 2007, Mr. Cook complained to Ms. Whitman that he was "quite unhappy" about

2
Case No.: 5:12-CV-05874-EJD
ORDER GRANTING EBAY'S MOTION TO DISMISS CALIFORNIA'S COMPLAINT

an offer eBay planned to make to an Intuit employee who had approached eBay. Id. at ¶ 18. In response, Ms. Axelrod instructed David Knight, eBay's Vice President of Internal Communications at the time, to hold off on making the offer. Mr. Knight complained that the decision to hold back the offer put the applicant "in a bad position and [eBay] in a bad place with California law." Id. A week later Mr. Knight explained that eBay "desperately need[ed] this position filled" and asked Ms. Axelrod and Ms. Whitman "to at least 'negotiate' any shift from a 'no poaching' agreement to a 'no hiring' agreement" after this particular applicant was hired. Id.

Plaintiffs allege that although this candidate was ultimately hired, eBay and Intuit's agreement thereafter "metastasized" into a no-hire policy. Id. at ¶¶ 18-19. "eBay recruiting personnel understood that 'Meg [Whitman] and Scott Cook entered into the agreement (handshake style, not written) that eBay would not hire from Intuit, period.'" Id. at ¶ 21. Similarly, "Mr. Cook and Intuit…agreed that intuit would not recruit from eBay." Id.

The Complaints contain several examples of eBay's understanding and implementation of the agreement. For instance, when approached by two eBay employees about the policy, Ms. Axelrod explained that "[eBay] ha[s] an explicit hands of[f] that we cannot violate with any Intuit employee. There is no flexibility on this." Id. at ¶ 20. eBay repeatedly declined to interview or hire Intuit employees, even when it had positions open for "quite some time" or when the only acceptable candidate was from Intuit. Id. at ¶ 23.

The Complaints also reflect Mr. Cook's understanding of the agreement. When speaking with a candidate who had decided to work for eBay but expressed interest in joining Intuit in the future, Mr. Cook explained that "Intuit is precluded from recruiting [the candidate]" except under limited circumstances. Id. at 21. Later, in August 2007, Ms. Whitman complained to Mr. Cook that Intuit had been recruiting eBay employees in violation of the agreement. Mr. Cook responded saying "#@!%$#^&!!! Meg my apologies. I'll find out how this slip up occurred again…." Id. at ¶ 22.

In 2009, the Department of Justice's ("DOJ") investigation of no-solicitation/no-hire agreements among technology companies became public. Id. at ¶ 25. According to Plaintiffs, eBay and Intuit's agreement remained in effect for at least some period of time after this

3

Case No.: 5:12-CV-05874-EJD
ORDER GRANTING EBAY'S MOTION TO DISMISS CALIFORNIA'S COMPLAINT

announcement. Id. Since that time, a court in a separate action has ordered Intuit to refrain from entering into or enforcing any agreement that improperly limits competition for employee services. Id. at ¶ 9.

### b. Procedural History

On November 16, 2012, Plaintiffs filed the instant actions against eBay, alleging that eBay entered into a no-solicitation/no-hire agreement with Intuit in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. No. 12-CV-05869, Dkt. No. 1; No. 12-CV-05874, Dkt. No. 1. California also raises claims under the Cartwright Act, California Business and Professions Code § 16720, and the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq. No. 12-CV-05874, Dkt. No. 1 ¶¶ 39-48. This court issued an order relating these two cases on December 11, 2012. No. 12-CV-05869, Dkt. No. 11; No. 12-CV-05874, Dkt. No. 4. While Plaintiffs point to Intuit as a co-conspirator, they have not named Intuit as a defendant in these actions because it is already subject to a court order in United States v. Adobe Systems, No. 10-01629 (D.D.C. Mar. 17, 2011), which prohibits it from entering into or enforcing any agreement that improperly limits competition for employee services. No. 12-CV-05869, Dkt. No. 1 ¶ 9.

On January 22, 2013, eBay filed the instant Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on the grounds that both Complaints fail to allege an actionable conspiracy and fail to allege harm to competition. eBay brings its Motion to Dismiss California's Complaint on the additional ground that California lacks standing to assert a claim for injunctive relief under the Sherman Act and that it fails to state a claim under the Cartwright Act or the UCL. No. 12-CV-05874 Dkt. No. 9. The court now turns to the substance of eBay's motion as to California's Complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

4
Case No.: 5:12-CV-05874-EJD
ORDER GRANTING EBAY'S MOTION TO DISMISS CALIFORNIA'S COMPLAINT

1  Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only
2  where there is no cognizable legal theory or an absence of sufficient facts alleged to support a
3  cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th
4  Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether
5  the complaint is sufficient to state a claim, the court must accept as true all of the factual
6  allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a
7  complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,
8  accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550
9  U.S. at 570).

## III. DISCUSSION

California seeks only injunctive relief for its Sherman Act and Cartwright Act claims. See No. 12-CV-0587, Dkt. No. 1 at ¶¶ 38, 45. Section Sixteen of the Clayton Act sets forth the standing requirements for antitrust injunctive relief actions, requiring that any person[1] wishing to pursue a claim "against threatened loss or damage by a violation of the antitrust laws" may do so "when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity." 15 U.S.C. § 26. Thus, to have standing in this action, California must allege "(1) a threatened loss or injury cognizable in equity (2) proximately resulting from the alleged antitrust violation." Rohnert Park v. Harris, 601 F.2d 1040, 1044 (9th Cir. 1979).

California contends that its allegations that eBay continued to enforce its agreement with Intuit even after learning of the DOJ's investigation into similar agreements among other technology companies and the lingering effects that occurred therefrom are sufficient to state a threatened injury for purposes of injunctive standing. See No. 12-CV-05874, Dkt. No. 1 ¶¶ 18, 29. The court disagrees. At best, the public announcements of the DOJ's investigations put eBay on notice that its agreement was potentially illegal. However, the announcements did not concern eBay itself or the particulars of its agreement with Intuit. Moreover, they did not and could not

---

[1] In bringing a claim under Section Sixteen, California is treated as a private person. See Hawaii v. Standard Oil Co. of Cal., 405 U.S. 251, 261 (1972).

United States District Court
For the Northern District of California

constitute a legal determination that the behavior at issue indeed amounts to an antitrust violation. eBay's adherence to its agreement in the face of generalized legal ambiguity simply does not, without more, suffice to state a threatened, forward-looking, antitrust injury. Accordingly, the court finds that California has failed to demonstrate standing for injunctive relief.

## IV.  CONCLUSION

The court DISMISSES WITH LEAVE TO AMEND California's Sherman Act claim for lack of standing. As California's remaining claims under the Cartwright Act and the UCL rise and fall with its Sherman Act claim, those also are DISMISSED WITH LEAVE TO AMEND. See Cnty. of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1160 (9th Cir. 2001); see also Nova Designs, Inc. v. Scuba Retailers Ass'n, 202 F.3d 1088, 1091 (9th Cir. 2000); Cal. Bus. & Prof. Code §§ 16750(a)-(b).

Any amended complaint must be filed within fourteen days of the date of this Order. California is advised that it may not add new claims or parties without first obtaining eBay's consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

Additionally, the court hereby sets a Case Management Conference for November 15, 2013 at 10:00 a.m. The parties shall submit their Joint Case Management Conference Statement by no later than November 8, 2013.

**IT IS SO ORDERED.**

Dated: September 27, 2013

_____
EDWARD J. DAVILA
United States District Judge